UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORLANDO MARCHELLO PERDOMO,<br><br>         Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | Case No. 24-5048 |

## PETITION TO QUASH SUMMONS

Petitioner Orlando Marchello Perdomo hereby files this petition to quash (the "Petition," or the "Petition to Quash") the Internal Revenue Service's administrative summonses issued to, respectively, Bank of America, Capital One Bank, Chase Bank, PNC Bank, TD Bank, and Wells Fargo.  In support of the Petition, Petitioner states as follows:

### JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

1.      This Court has jurisdiction over this matter pursuant to 26 U.S.C. § 7609(h) and 28 U.S.C. § 1340.

2.      Venue is proper in this District pursuant to 26 U.S.C. § 7609(h) and 28 U.S.C. § 1391(b)(2).

3.      This Petition is timely under 26 U.S.C. § 7609(b)(2)(A) because it is being filed "not later than the 20th day after" notice was given to Petitioner's counsel of the summonses.

### THE PARTIES

4.      Petitioner Orlando Marchello Perdomo is a citizen of the United States and a resident of the State of New York.

5.      Respondent is the United States of America, acting through its agency the Internal Revenue Service ("IRS") of the Department of the Treasury, which in turn is a federal

government entity with agencies and offices throughout the United States and, more specifically, with an office located at 290 Broadway, New York, New York 10007.

## FACTUAL BACKGROUND

6.      On or about March 18, 2024, Special Agent Joel Freire ("Special Agent Freire") of the IRS Criminal Investigation Division issued an administrative summons (the "Initial Summons") directed to Perdomo of NY, LLC, a limited liability company of which Petitioner is the sole member.

7.      The Initial Summons stated that it was issued "In the Matter of Orlando Marchello Perdomo," and that it originated from the Criminal Investigation Division of the IRS.

8.      For the specified period of "2018-2023," the Initial Summons requested that the recipient produce "[a]ll corporate records and books of account relevant to [Perdomo of NY, LLC]," and specified by way of example five broad and non-exclusive categories of records.  A copy of the Initial Summons is annexed hereto as **Exhibit A**.

9.      Through counsel, Petitioner made contact with Special Agent Freire, assured him of his intention to comply fully with the summons, and advised that some records would take longer than others to produce, including certain records that had to be collected.

10.     Special Agent Freire provided an extension of time to produce documents, and subsequently suggested that Petitioner produce documents on a rolling basis, which Petitioner complied with.

11.     Through counsel, Petitioner made an initial production in response to the Initial Summons on or around May 15, 2024.  A copy of the May 15, 2024, production letter is annexed hereto as **Exhibit B**.  The letter informed Special Agent Freire that Petitioner was still waiting on

additional documents not currently in his possession and that those documents would be provided to the IRS as soon as received.

12.     On or around June 12, 2024, Special Agent Freire emailed Petitioner's counsel to ask for an update on the outstanding documents.

13.     Petitioner's counsel responded the next day, and informed Special Agent Freire that efforts to collect the documents from the financial institution had not yet been successful but were still ongoing, and that the responsive documents could not be produced until the financial institution provided them.

14.     Four days later, on or around June 17, 2024, Special Agent Freire sent Petitioner's counsel copies of six administrative summons that he had issued to six different financial institutions: Bank of America, Capital One Bank, Chase Bank, PNC Bank, TD Bank, and Wells Fargo.  The email exchange between Petitioner's counsel and Agent Freire is annexed hereto as **Exhibit C**, and copies of the six administrative summonses (collectively, the "Bank Summonses") are annexed hereto as **Exhibits D** through **I**.

15.     The Bank Summonses were identical but for their recipients and were immensely broader in scope than the Initial Summons in several respects.

16.     First, the subjects of the records sought in each Bank Summons were numerous. In addition to Petitioner himself, they included no fewer than eleven corporate entities—some active, others inactive—that bear Petitioner's name:

- Perdomo Industrial LLC
- Perdomo National Wrecking Group LLC
- Perdomo Companies of DC LLC
- Perdomo Realty LLC
- Perdomo Workforce of VA LLC
- Perdomo Development Corporation

- Perdomo National Wrecking Company LLC
- The Perdomo-Cortes Group LLC
- Perdomo Earthworks LLC
- Perdomo Hauling LLC
- Perdomo Land Development Corporation

17.     Second, the types of records sought in the Bank Summonses were far more wide-ranging than the "corporate records and books of account" requested of Petitioner in the Initial Summons: the Bank Summonses sought "all records pertaining to" Petitioner and the eleven entities specified above, as well as all records pertaining to "any other entity in which these individuals or entities may have an ownership or financial interest." Each Summons then set out ten different categories (again, non-exclusive) of documents ranging from loan records to safe deposit box records to correspondence for the time period 2018 through 2022.

18.     On or around July 1, 2024, Petitioner through counsel made a second production of documents to Special Agent Freire in response to the Initial Summons. These were the documents Petitioner had previously requested from his financial institution. A copy of the July 1, 2024, production letter is annexed hereto as **Exhibit J**.

**<u>GROUNDS FOR RELIEF</u>**

19.     In 1976, Congress enacted section 7609 by granting the right to challenge an IRS summons. *See* Tax Reform Act of 1976, P.L. 94-455, section 1205(a), 90 Stat. 1520, 1699-1700. In 1982, Congress added another privacy protection by giving identified persons the right to petition to quash third-party summons. *See* Tax Equity and Fiscal Responsibility Act of 1982, P.L. 97-248, section 331(a), 96 Stat. 324, 620. Congress made these modifications to ensure taxpayers had greater safeguards against improper disclosure of records held by third parties. *Ip v. United States*, 205 F.3d 1168, 1172 (9th Cir. 2000).

20.     To obtain enforcement of a tax summons to a third party, the IRS "must make a prima facie showing that: (1) 'the investigation will be conducted pursuant to a legitimate purpose,' (2) 'the inquiry may be relevant to the purpose,' (3) 'the information sought is not already within the Commissioner's possession,' and (4) 'the administrative steps required by the [Internal Revenue] Code have been followed.'"  *Adamowicz v. United States*, 531 F.3d 151, 156 (2d Cir. 2008) (quoting *United States v. Powell*, 379 U.S. 48, 57–58 (1964)).  The IRS must also show that the case has not been referred to the Department of Justice.  *United States v. Abrahams*, 905 F.2d 1276 (9th Cir. 1990) (an examiner may not issue or seek to enforce a summons when a Justice Department referral has already been made); *see also Zoe Christian Leadership, Inc. v. United States*, 1988 WL 159161, at *3 (C.D. Cal. 1988).

21.     If the IRS establishes its prima facie case, "the burden shifts to the taxpayer to disprove one of the four *Powell* criteria, or to demonstrate that judicial enforcement would be an abuse of the court's process."  *Id*. (internal citations and quotation marks omitted).  "Abuse of the court's process" requires a showing that "'the IRS acted in bad faith.'"  *Guglielmi v. United States*, 2013 WL 1645718, at *1 (S.D.N.Y. Apr. 15, 2013) (quoting *Ramachandran v. U.S. Attorney for S.D.N.Y.*, 1992 WL 320672, at *3 (S.D.N.Y. Oct. 26, 1992)).

22.     "In addition to seeking to quash a summons by disproving one of the *Powell* factors, a taxpayer may urge that action 'on any appropriate ground,' including the protection of attorney-client privilege."  *Highland Cap. Mgmt., L.P. v. United States*, 626 F. App'x 324, 328 (2d Cir. 2015) (internal citation and quotation marks omitted) (quoting *United States v. Clarke*, 573 U.S. 248, 250 (2014)); *see also United States v. Euge*, 444 U.S. 707, 711 (1980) (holding that the IRS's authority to summon under Internal Revenue Code § 7602 is "subject to the traditional privileges"); *United States v. Aldman*, 134 F.3d 1194, 1196 n.2 (2d Cir. 1998) ("IRS

summons are subject to the traditional privileges and limitations, including the work product

doctrine . . . .") (internal citations and quotation marks omitted).

    23.    The Bank Summonses should be quashed on at least the following grounds:

    a)  The Bank Summonses are not relevant to a legitimate investigative purpose;

    b)  Enforcement of the Bank Summonses would be an abuse of this Court's process because Respondent has acted in bad faith in issuing them;

    c)  Respondent has not followed the administrative steps required by the Internal Revenue Code;

    d)  Respondent has not averred that there has not been a referral to the Department of Justice; and

    e)  The Bank Summonses seek potentially privileged documents.

    24.    <u>First</u>, on information and belief, the Bank Summonses are not relevant to a

legitimate investigative purpose under *Powell* owing to their considerable overbreadth.

Whatever Respondent's purpose was in seeking the documents requested in the Initial Summons

from Petitioner himself, the dramatic expansion in the scope of the requests in the subsequent

Bank Summonses—both as to the categories of documents sought and as to the subjects

(including both active and defunct corporate entities)—undermines the notion that they are

intended to further that same purpose.

    25.    The Bank Summonses also lack a legitimate purpose insofar as they seek

information concerning potential tax liability that is time-barred.  26 U.S.C. § 6501(a) requires

that "the amount of any tax imposed by [the Internal Revenue Code] be assessed within 3 years

after the return was filed," and the Bank Summonses seek records dating as far back as 2018.

    26.    <u>Second</u>, the broad scope of the requests in the Bank Summonses also

demonstrates that they were "issued for an improper purpose, such as to harass the taxpayer,"

*Powell*, 379 U.S. at 58, when considered in context: namely, that Special Agent Freire issued the

exceedingly far-reaching Bank Summonses four days after Petitioner's counsel informed him

that efforts to obtain responsive records from financial institutions had not yet been successful

(but were still ongoing).  An inference of harassing purpose is not difficult to draw.  Further, the

scope is so broad as to request every financial document pertaining to these eleven corporate

entities, some of which are not currently active.

27.     Third, Respondent has failed to follow the administrative steps required by the

Internal Revenue Code.  26 U.S.C. § 7602(c) provides that an IRS officer or employee

> may not contact any person other than the taxpayer with respect to
> the determination or collection of the tax liability of such taxpayer
> unless such contact occurs during a period (not greater than 1 year)
> which is specified in a notice which—
>
> (A) informs the taxpayer that contacts with persons other than the
> taxpayer are intended to be made during such period, and
>
> (B) except as otherwise provided by the Secretary, is provided to the
> taxpayer not later than 45 days before the beginning of such period.

Respondent has not provided any such notice to Petitioner.  And while this section does not

apply "with respect to any pending criminal investigation," id. § 7602(c)(3)(C), on information

and belief, the Bank Summonses do not fall within this exception.

28.     If, on the other hand, Respondent has initiated a criminal investigation and "a

Justice Department referral is in effect with respect to" Petitioner then "[n]o summons may be

issued" as to Petitioner to begin with.  26 U.S.C. § 7602(d)(1).  Respondent has not yet averred

that there has not been a criminal referral to the Department of Justice.  In that event, Petitioner

respectfully asks that the Court quash the Bank Summonses on that basis alone.

29.     Lastly, on information and belief, some of the documents requested in the Bank

Summonses may be subject to the attorney-client privilege, work-product privilege, or tax

practitioner privilege set forth in Section 7525 of the Internal Revenue Code.  The documents

requested are in the possession of the recipients of the Bank Summonses, and Petitioner has not

had any opportunity to review them.  Petitioner therefore asks the Court to allow the responsive documents to be reviewed for privilege before the recipients provide them to the IRS (in the event the Bank Summonses are otherwise enforced) and to allow evidence to be presented supporting any applicable privileges.  To do otherwise would permanently deprive Petitioner and the recipients of the Bank Summonses of privileges they would otherwise possess.

## **CONCLUSION**

30.     Petitioner seeks this Court's intervention in response to harm he has suffered due to the IRS's failure to meet the *Powell* standard by issuing a flood of overly broad and burdensome requests, requesting irrelevant documents, and failing to comply with the requisite administrative procedures, to say nothing of the improper purposes underlying the Bank Summonses.  Petitioner made every effort to cooperate with the IRS, both before and after the issuance of the Bank Summonses, but the IRS has nevertheless served exceedingly broad, burdensome, and invasive process on several different financial institutions seeking vast troves of documents as to a number of different companies affiliated with Petitioner.

/
/
/
/
/
/
/
/
REMAINDER OF PAGE INTENTIONALLY LEFT BLANK
/
/
/
/
/
/
/

WHEREFORE, Petitioner respectfully requests that the Court:

31.     Quash the Bank Summonses in their entirety;

32.     If necessary, conduct an evidentiary hearing on the claims asserted herein; and

33.     Grant Petitioner such other and further relief as the Court may deem just and proper.

Dated: July 2, 2024
         New York, New York

                                   ChaudhryLaw PLLC

                                   By:    */s/ Seth J. Zuckerman*
                                          Seth J. Zuckerman
                                          David Winkler

                                          147 W. 25th Street, 12th Floor
                                          New York, New York 10001
                                          Tel: (212) 785-5550
                                          szuckerman@chaudhrylaw.com
                                          david@chaudhrylaw.com

                                          *Attorneys for*
                                          *Orlando Marchello Perdomo*